UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

R.S.B., a minor, by and through his Parent
and Next Friend, Stephanie Hammar, and
STEPHANIE HAMMAR, Individually,

        Plaintiffs,

      v.                                      Case No. 20-C-1402

MERCK & CO., INC. and
MERCK SHARP & DOHME CORP.,

        Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL**

---

      Plaintiffs R.S.B., a minor, by and through his parent, Stephanie Hammar, and Stephanie Hammar, individually, brought this action against Defendants Merck & Co., Inc., and Merck Sharp & Dohme Corp. (collectively Merck), alleging that R.S.B.'s use of Merck's product, Singulair®, caused him to suffer neuropsychiatric injuries. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. This matter comes before the Court on Plaintiffs' motion to dismiss the case without prejudice. Dkt. No. 66. For the following reasons, the motion will be denied.

      Plaintiffs filed this action on September 9, 2020, and filed an amended complaint on September 22, 2020. Dkt. Nos. 1 & 2. After the Court held a scheduling conference on January 4, 2021, Plaintiffs filed a second amended complaint on January 6, 2021. Dkt. No. 29. On April 23, 2021, Merck moved for summary judgment on all claims related to R.S.B.'s use of generic montelukast, which Merck neither manufactured nor sold. Dkt. No. 35. While that motion was pending in this Court, Plaintiffs applied to consolidate hundreds of cases related to the use of

Singulair in a Multicounty Litigation (MCL) in the State of New Jersey on July 22, 2021. Dkt. No. 69-1 at 2. Then, on October 20, 2021, Plaintiffs filed a motion to compel Merck to respond to interrogatories and requests for production in this case. Dkt. No. 51.

On December 27, 2021, the Court granted Merck's motion for partial summary judgment on all claims related to R.S.B.'s use of generic montelukast. Dkt. No. 63. The next day, the Court denied Plaintiffs' motion to compel. Dkt. No. 64. In denying the motion to compel, the Court allowed Plaintiffs 90 days from the date of Merck's final production to review the responses and to complete any depositions that may be appropriate and ordered that Merck's motion for summary judgment on preemption grounds be filed 30 days thereafter. *Id.* at 10. Merck completed its production on January 4, 2022, giving Plaintiffs until April 4, 2022, to complete their review of discovery and any necessary depositions. Dkt. No. 67-1. As such, Merck's motion for summary judgment is due May 4, 2022.

On January 4, 2022, the same day Merck completed its final production, the New Jersey Supreme Court approved the application requesting MCL designation of litigation alleging injuries arising from Singulair use. Dkt. No. 67-2. Plaintiffs were first made aware of the New Jersey Supreme Court's order on January 25, 2022, Dkt. No. 73-1, and, on March 7, 2022, Plaintiffs contacted Merck to inquire whether it would consent to a stipulation of dismissal of this action without prejudice. Dkt. No. 73-2. Merck declined to do so. *Id.* Therefore, on March 13, 2022, Plaintiffs filed the instant motion to dismiss this action without prejudice. Dkt. No. 66.

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." While motions under Rule 41(a)(2) are "committed to the district court's discretion," it is an "abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would

2

Case 1:20-cv-01402-WCG   Filed 04/19/22   Page 2 of 5   Document 74

suffer plain legal prejudice as a result." *Wojtas v. Capital Guardian Tr. Co.*, 477 F.3d 924, 927 (7th Cir. 2007) (internal quotation marks and citations omitted).  The court may deny a motion for voluntary dismissal even in the absence of legal prejudice, however.  *See* Fed. R. Civ. P. 41(a)(2).  In determining whether voluntary dismissal under Rule 41(a)(2) is appropriate, the Court considers the following factors: "[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant."  *Kunz v. DeFelice*, 538 F.3d 667, 677–78 (7th Cir. 2008) (internal quotation marks and citation omitted).  "Rule 41(a)(2) requires the plaintiff to persuade the district court and to establish that voluntary dismissal without prejudice is warranted."  *Tolle v. Carroll Touch, Inc.*, 21 F.3d 174, 177 (7th Cir. 1994) (citing Fed. R. Civ. P. 41(a)(2)).  Although Merck will not suffer legal prejudice by a dismissal in this case, the Court concludes that the factors weigh against a dismissal without prejudice.

Citing *Buller v. Owner Operator Independent Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757, 768 (S.D. Ill. 2006), Plaintiffs assert that their reason for seeking dismissal—consolidation in an MCL—is an "excellent one."  Dkt. No. 66 at 9.  In *Buller*, the plaintiff sought voluntary dismissal on the ground that the case was "duplicative" of a proposed class action involving the same parties and counsel.  *Id.* at 764.  The court found that dismissal without prejudice was appropriate.  It explained that the case was "not at an advanced stage," that most of the litigation centered on the threshold issue of subject matter jurisdiction, that motion practice had been "limited," and that it was "unlikely" that the defendant had incurred great expense in defending the case.  *Id.* at 768.  The court noted that it was "apparent" that the plaintiff would incur

3

great expense if it were required to litigate two identical cases and that it was in the interests of the parties and the court to have the issues be decided in one action. *Id.*

This case, however, is in a different posture than *Buller*. Merck has spent significant time and money litigating this case over the past 18 months. In particular, Merck filed a motion to dismiss the design defect and warranty claims asserted in Plaintiffs' first amended complaint. After the motion was fully briefed, Plaintiffs filed a second amended complaint that did not include warranty claims. Merck then filed a second motion to dismiss Plaintiffs' design defect claim, and that motion was denied by the Court. Merck filed a motion for partial summary judgment as to Plaintiffs' innovator liability claims, which the Court granted on December 27, 2021. Merck also responded to Plaintiffs' discovery requests regarding preemption, making three separate productions that collectively span more than 1,111,000 pages. Plaintiffs filed a motion to compel that Merck defended against and the Court ultimately denied on December 28, 2021. Though no motion for summary judgment is currently pending, Merck's motion for summary judgment on the issue of preemption is due to be filed in a few short weeks. Plaintiffs argue that any effort or resources Merck expended in this case with respect to discovery will be transferrable to the MCL. Dkt. No. 66 at 7. But a defendant's efforts and expenses militate against dismissal without prejudice when discovery has "already been well underway," like the case here. *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1993). Although Plaintiffs assert that the case will be resolved "significantly faster" in the MCL, there is no reason to believe that the issues in this case will be resolved faster in the MCL than in this Court.

While consolidated litigation may provide a sufficient basis for granting a motion for voluntary dismissal in some cases, it is not appropriate under these circumstances where the parties and the Court have exerted significant time and resources narrowing the issues in this case.

4

Accordingly, Plaintiffs' motion to dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (Dkt. No. 66) is **DENIED**. Merck's motion for summary judgment on preemption grounds is due May 4, 2022.

**SO ORDERED** at Green Bay, Wisconsin this 19th day of April, 2022.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge